IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. 15-1459 |
| | ) |
| AVIS BUDGET CAR RENTAL, LLC | ) |
| t/d/b/a AVIS, | ) |
| | ) |
| Defendant. | ) |

## **OPINION**

Presently pending before the court is a Motion to Dismiss on behalf of Defendant, Avis Budget Car Rental, LLC, t/d/b/a Avis ("Avis"). [ECF No. 3]. For the reasons stated herein, the motion will be granted.

## **I. Factual and Procedural Background**

This action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania, by Plaintiff Keith Rhodes' ("Plaintiff") on July 8, 2015, who alleges he sustained injuries as a result of being handcuffed by police after he was pulled over on June 28, 2013 while driving a vehicle rented from Avis. [ECF No. 1-1]. On October 9, 2015 Plaintiff voluntarily dismissed co-Defendants Borough of Forest Hills, Chief Williams, and Officer Summers from the case. On November 6, 2015, Avis removed the case to this court based upon diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). [ECF Nos. 7, 8].

1

The allegations in the Complaint are as follows. Plaintiff is a resident of the City of Pittsburgh, Pennsylvania, who rented a red Lincoln MKX sport utility vehicle from Avis in June 2013. [ECF No. 1-1 at ¶¶ 1, 3]. Defendant was aware that Plaintiff's purpose in renting the vehicle was to drive it on Pennsylvania roadways. [ECF No. 1-1 at ¶ 4]. Implicit in the rental agreement was Avis's obligation to ensure that the vehicle was properly titled, insured, registered and legal to drive on Pennsylvania roadways. [ECF No. 1-1 at ¶ 5]. Defendant represented to plaintiff that the car was legal to drive but did not verify that it was legal to drive on Pennsylvania roadways prior to renting it to Plaintiff. [ECF No. 1-1 at ¶ 7]. Defendant made this representation with reckless disregard as to whether it was true or false, or, should have been aware that it was false, and intended for plaintiff to rely on this representation. [ECF No. 1-1 at ¶¶ 32, 33, 38]. Plaintiff alleges he relied on this alleged misrepresentation, and this reliance was justifiable. [ECF No. 1-1 at ¶¶ 34, 39]. Plaintiff further alleges that Avis was aware through prior customer complaints that it regularly rented to customers cars which were not properly titled, insured, registered or otherwise were not legally drivable. [ECF No. 1-1 at ¶ 8]. By undertaking to rent the vehicle to Plaintiff, Plaintiff alleges Avis implicitly warranted that the vehicle was fit to be driven Pennsylvania roadways. [ECF No. 1-1 at ¶ 43].

On or about June 28, 2013, while driving the rented vehicle on Ardmore Boulevard in the borough of Forest Hills, Plaintiff was pulled over by Officer Summers of the Forest Hills Police Department. [ECF No. 1-1 at ¶ 9]. Plaintiff alleges that according to the officer's report, he decided to pull the vehicle over after he ran the vehicle information through his computer and discovered that although the vehicle had a valid registration sticker, its registration had expired in December of 2012. [ECF No. 1-1 at ¶ 10]. Plaintiff alleges during the traffic stop Officer Summers removed Plaintiff from the vehicle, handcuffed him with his arms behind his back and

placed him in the back of a patrol car, where Plaintiff remained for an extended period of time. [ECF No. 1-1 at ¶ 11].

Plaintiff further alleges that as a result of the traffic stop, he sustained an injury to his wrists and shoulder which required medical treatment including surgery to repair a torn rotator cuff. [ECF No. 1-1 at ¶ 12]. Plaintiff alleges that as a direct and proximate cause of Avis' conduct, he suffered injuries which may be permanent in nature, including injuries to his wrists, shoulders and other parts of his body for which he has or may require medical care in the future. [ECF No. 1-1 at ¶ 14]. Plaintiff further alleges he suffered physical and mental anguish, pain, suffering, and inconvenience. [ECF No. 1-1 at ¶ 15]. He also alleges shock and injury to the nerves and nervous system, emotional distress, humiliation, embarrassment and damage to his reputation and earning power. [ECF No. 1-1 at ¶¶ 17, 18].

The Complaint sets forth the following causes of action: negligence/recklessness (Count I), breach of contract (Count II), breach of implied contract (Count III), fraudulent misrepresentation (Count IV), negligent misrepresentation (Count IV) [sic], and breach of implied warranty of fitness for a particular purpose and/or merchantability (Count V).

In its Motion to Dismiss [ECF No. 13] Avis seeks dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff has filed a Brief in Opposition [ECF No. 12] to which Avis has replied. [ECF No. 13]. After having been granted leave to do so [ECF No. 16] Plaintiff has filed a Sur-Rely in Opposition to the Motion to Dismiss. [ECF No. 17].

Plaintiff argues, *inter alia,* that dismissal of the breach of contract claims on the basis that he has failed to allege the specific terms of the contract is premature. He notes that:

> Plaintiff does not even have a complete copy of his rental agreement with Avis. The only documents in his possession are receipts. Defendant steadfastly refused

> to voluntarily provide any documents relating to the matter prior to the initiation of litigation. In May of 2014, Plaintiff's counsel filed a writ of summons and served a subpoena on Defendant in which he requested "all documents pertaining to the vehicle rented by Keith Rhodes on June 28, 2013." In September, 2014 Defendant's responded but did not produce a copy of the rental agreement. Defendants cannot now ask that Plaintiff's contract claims be dismissed based on his supposed failure to allege specific contract terms when it has been unwilling to produce a copy of whatever contract it believes applies to the transaction.

[ECF No. 12 at 6]. Accordingly, on March 24, 2016, the Court ordered Avis to provide the Court and Plaintiff's counsel copies of the relevant rental agreement entered into by the Plaintiff in June, 2013. [ECF No. 18]. Avis complied on March 28, 2016. [ECF No. 20]. Despite this, plaintiff has not moved to amend the complaint, or otherwise sought leave to supplement its legal arguments, and accordingly, the matter is ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citing *Twombly,* 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from

them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In *Iqbal*, the Court laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.; Phillips*, 515 F.3d at 233 (quoting *Twombly,* 550 U.S. at 563 n.8). Second, the court must determine whether the complaint "states a plausible claim for relief,...[which is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678. Only if "the '[f]actual allegations...raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips,* 515 F.3d at 234 (quoting *Twombly,* 550 U.S. at 555). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)).

To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

If a complaint is subject to Rule 12(b)(6) dismissal, the court must permit a curative amendment unless such an amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). We must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id*.

With this standard of review in mind, we now turn to whether the Plaintiff has stated a claim as to each count.

**III. Discussion**

Avis argues that all counts of the Complaint lack the required elements of the claims asserted, with emphasis on lack of plausibility as to causation. Avis asserts Plaintiff's complaint fails to adequately allege any causal connection between Avis' alleged expired registration and his physical injures; rather, Plaintiff alleges that it was his being placed into handcuffs by a police officer that caused his injuries. In addition, Avis argues that the counts alleging torts (negligence/recklessness, fraudulent misrepresentation and negligent misrepresentation) should be dismissed because they are barred by the gist of the action doctrine. Moreover, Avis argues that the breach of contract claim is legally insufficient because it fails to assert a duty owed by Avis to Plaintiff, an essential term of the contract. Finally, Avis argues that the breach of implied contract is legally insufficient because there cannot be a claim for breach of implied contract if there is an express contract that covers the same subject matter.

**A. Elements of the Causes of Action**

First, we must identify the elements a plaintiff must plead to state a claim herein.

**Count I: Negligence**

A plaintiff in a negligence action must establish the following: "(1) the existence of a duty or obligation recognized by law, (2) a failure on the part of the defendant to conform to that

duty, or a breach thereof, (3) a causal connection between the defendant's breach and the resulting injury, and (4) actual loss or damage suffered by the complainant." *T.A. v. Allen*, 669 A.2d 360, 362 (Pa. Super. 1995); *see also Morena v. South Hills Health System*, 462 A.2d 680, 684 fn. 5 (Pa.1983).

### Counts II and III: Breach of Contract and Implied

Under Pennsylvania common law, a cause of action for a breach of contract requires "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super.1999). The essential elements of breach of implied contract are the same as an express contract, except the contract is implied through the parties' conduct, rather than expressly written. *Highland Sewer & Water Auth. v. Forest Hills Municipal Auth.,* 797 A.2d 385, 390 (Pa. Commw. 2002). "[T]he pleading of a written contract is only applicable to claims for breach of express contract" and there is no similar requirement for claims of implied contract. *Byrne v. Cleveland Clinic*, 684 F.Supp.2d 641, 658 (E.D. Pa. 2010).

### Count IV: Fraudulent Misrepresentation

To prevail on a claim for fraudulent misrepresentation Plaintiff must establish six elements: 1) a representation, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, 4) with the intent of misleading another into relying on it, 5) justifiable reliance on the misrepresentation, and 6) the resulting injury was proximately caused by the reliance. *Bortz v. Noon*, 729 A.2d 555, 560 Pa. 1999). And he must do so "by clear and convincing evidence." *Porreco v. Porreco*, 571 Pa. 61, 811 A.2d 566, 570 (2002). With respect to the last element, Pennsylvania courts ask whether "a defendant's acts or omissions were a 'substantial factor' in bringing about the plaintiff's harm."

*Bouriez v. Carnegie Mellon Univ.,* 585 F.3d 765, 771 (3d Cir. 2009) (quoting *First v. Zem Zem Temple,* 686 A.2d at 21 n. 2).

### Count IV [sic]: Negligent Misrepresentation

Similarly, in order to establish a cause of action for negligent misrepresentation, Plaintiff must show there was 1) misrepresentation of a material fact, 2) made under circumstances in which the misrepresenter ought to have known of its falsity, 3) with an intent to induce another to act on it, and 4) which results in injury to a party acting in justifiable reliance on the misrepresentation. *Bortz*, 729 A.2d at 561.

### Count V: Breach of Implied Warranty for Fitness for Particular Purpose/Merchantability

The warranty of fitness for a particular purpose requires that the seller had reason to know of the buyer's particular purpose at the time of contracting and that the buyer was relying on the seller's expertise. In that case, the goods are implicitly warranted to be fit for that particular purpose. 13 Pa.C.S.A. § 2315. To establish a breach of such warranty, plaintiffs must show that the equipment they purchased from defendant was defective, and that the breach was the proximate cause of the loss sustained, *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992).

### B. Gist of the Action

In Pennsylvania, the "gist of the action" doctrine "'maintain[s] the conceptual distinction between breach of contract and tort claims[,]' and precludes plaintiffs from recasting ordinary breach of contract claims as tort claims." *McShea v. City of Phila.*, 995 A.2d 334, 339 (Pa. 2010) (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.,* 811 A.2d 10, 14 (Pa. Super. 2002)). The Pennsylvania Superior Court in *eToll* found that the "gist of the action" doctrine precludes tort actions "(1) arising solely from a contract between the parties; (2) where the duties allegedly

8

breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." *eToll,* 811 A.2d at 19 (internal citations and internal quotation marks omitted); *see also Bruno v. Bozzuto's, Inc.,* 850 F.Supp.2d 462, 468–69 (M.D. Pa. 2012) (dismissing claims for negligent and fraudulent misrepresentation under the "gist of the action" doctrine because these claims arose from contractual duties).

The Pennsylvania Superior Court has explained that "[t]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Redevelopment Auth. v. Int'l Ins. Co.,* 685 A.2d 581, 590 (Pa. Super. 1996) (en banc). Stated differently, the "gist of the action" is contractual where "the parties' obligations are defined by the terms of contracts, and not by the larger social policies embodied by the law of torts." *Bohler–Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 104 (3d Cir. 2001).

Defendant argues that the negligence claim (Count I), fraudulent misrepresentation (Count IV), and negligent misrepresentation (labelled also as Count IV) are barred by the gist of the action doctrine. In response, Plaintiff explains that he has pleaded both contract and tort causes of action in the alternative, which is permissible under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.") and Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.") Where it is not clear whether a claim is properly brought as a breach

9

of contract or a tort, and these claims are pled in the alternative, it is improper to dismiss the tort claims on the basis of the "gist of the case" doctrine. *See Mill Run Assocs. v. Locke Prop. Co.*, 282 F. Supp.2d 278, 290-91 (E.D. Pa. 2003) (declining to dismiss Plaintiff's tort claims based on "gist of the action" doctrine where it was "unclear at this stage of litigation whether the "gist" of the action sounds in contract or tort . . ." and the contract terms were in dispute.)

A certain tension exists, at the motion to dismiss stage, between Pennsylvania's "gist of the action" doctrine and Rules 8(d)(2) and (3) of the Federal Rules of Civil Procedure, which expressly condone pleading in the alternative, as Plaintiff does here. *PPG Indus., Inc. v. Generon IGS, Inc.,* 760 F.Supp.2d 520, 528 (W.D. Pa. 2011). District courts in Pennsylvania have noted that caution should be exercised in determining the "gist of an action" at the motion to dismiss stage. *Id.*; *Southersby Dev. Corp. v. Twp. of S. Park*, 2015 WL 1757767, at *16 (W.D. Pa. April 17, 2015); *Interwave Tech., Inc. v. Rockwell Automation, Inc.*, 2005 WL 3605272, at *13 (E.D. Pa. Dec. 30, 2005); *see also Weber Display & Packaging v. Providence Wash. Ins.* Co., 2003 WL 329141, at *3–4 (E.D. Pa. Feb. 10, 2003) (noting that it is often premature to determine the gist of a claim before discovery has been taken).

Accordingly, the Court declines to dismiss Plaintiff's claims based upon on the gist of the action theory. We note, however, that the rental agreement provided by Avis fails to illuminate any explicit contractual duties on the part of Avis owed to its customers to ensure that the vehicle was properly registered. It is unclear whether any tort claim would duplicate a breach of contract or not, even assuming all were adequately pled. In addition, plaintiff has not provided citation to any case law in support of a his claim that Avis owed him a duty as a matter of social policy embodied by the law of torts, separate from the contracted rental agreement. Plaintiff simply

10

relies upon his argument that he had not been provided a copy of the rental agreement, and that his claims are plead in the alternative.

### C. Causation

Avis argues that the complaint fails to allege any causal connection between Avis' alleged expired registration and his injuries, and instead, it was Plaintiff's being placed into handcuffs that caused his injuries. Thus, Avis argues, Plaintiff's complaint fails to state a claim on which relief may be granted, and the complaint should be dismissed for negligence (Count I), breach of contract (Count II), fraudulent misrepresentation (Count IV), and breach of implied warranty of fitness for a particular purpose (Count V). In response, Plaintiff notes that defendant misrepresents the allegations in the Complaint, which also include averments that Avis rented a car to him with an expired registration in violation of its duty and that, because of this expired registration, he was subjected to a traffic stop during which he was injured.

In order to establish the element of causation, a plaintiff must prove that the breach was "both the proximate and actual cause of the injury." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1287 (Pa. Super. 2005). Proximate cause is defined as "a wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Dudley v. USX Corp.,* 606 A.2d 916, 923 (Pa. Super. 1992). Actual causation refers to "cause in fact" or "but for" causation, which provides that "if the harmful result would not have come about but for the negligent conduct then there is a direct causal connection between the negligence and the injury." *First v. Zem Zem Temple*, 686 A.2d 18, 21 (Pa. Super. 1996).

Proximate and actual causation are "separate and distinct concepts." *First,* 686 A.2d at 21. Proximate causation, or legal causation, is a determination that "the injury sustained is of such a nature that it is socially and economically desirable to hold the wrongdoer liable." *Id.* This

aspect of proximate cause is a legal question that must be established before the issue of actual causation can be submitted to the jury. *Reilly v. Tiergarten Inc.,* 633 A.2d 208, 210 (Pa. Super. 1993) (trial court's failure to make legal determination of proximate cause before sending case to jury constituted error). Making this threshold determination is crucial because "[e]ven where harm to a particular plaintiff may be reasonably foreseeable from the defendant's conduct, and that conduct is the cause-in fact of the plaintiff's harm, the law makes a determination that, at some point along the causal chain, liability will be limited." *Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, 535 A.2d 1095, 1098 (Pa. Super. 1987) (At a certain point in the causal chain of events "negligent conduct will be viewed as too remote from the harm arising to the plaintiff, and thus not a substantial factor in bringing about the plaintiff's harm.").

An analysis of proximate cause essentially is two-fold. First, the court determines whether "the alleged negligence was so remote that as a matter of law, the defendant cannot be held legally responsible for the subsequent harm." *Holt,* 932 A.2d at 921. This requires an assessment of whether "the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act [in question]." *Id.* Only when "it appears to the court highly extraordinary that the actor's conduct should have brought about the harm" will the actor's conduct be determined not to be a legal cause of that harm. *Id.*

Second, if the alleged negligence was not "so remote" and the injury "would have been foreseen by an ordinary person as the natural and probable outcome" of the negligent act, the issue is submitted to the jury, which then determines whether the negligent act was a but-for cause of the harm and a "substantial factor" in producing the harm. *See Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 941 (Pa. Super.2002) ("Whether a defendant's conduct

12

[was] a 'substantial factor' in causing plaintiff's harm is ordinarily a question of fact for the jury."); *see also Novak v. Jeannette Dist. Memorial Hosp.,* 410 Pa.Super. 603, 600 A.2d 616, 618 (the determination of whether a negligent act constitutes the cause-in-fact is an issue for the fact-finder).

Plaintiff cites to *Trude v. Martin* 660 A.2d 626, 632 (Pa. Super. 1995) in support of his argument that Avis' expired registration was a proximate cause in this matter, because it was a substantial factor in causing his injury. In *Trude*, an invitee was rendered quadriplegic by a fall after he was pushed by an acquaintance from brick wall which had a loose capstone after they left the leased premises of a restaurant. He brought a negligence suit against lessor as controller of wall, restaurant as lessee, and assailant. The appeals court held that the trial court did not err in failing to instruct the jury regarding intervening, superseding cause because the facts were undisputed that multiple causes of the plaintiff's harm were concurrent substantial factors in bringing about the plaintiff's injury. In *Trude* the court held that the act of pushing someone outside a restaurant that served alcohol was reasonably foreseeable.

In response, Avis argues that being arrested or detained for an expired registration is not reasonably foreseeable. Avis cites to the relevant Pennsylvania statute and case law which show that driving an unregistered vehicle is a summary offense which subjects the offender to a small fine. Furthermore, an officer may conduct a traffic stop for said violation but may not make an arrest. 75 Pa. C. S. § 1301(a), *Commonwealth v. Walker*, 641 A.2d 1204, 1206 (Pa. Super. 1994). Avis contends that it was completely unforeseeable that the alleged expired registration could lead to the Plaintiff being handcuffed, detained, and physically injured as alleged herein; rather, "there would have had to be some additional and unforeseeable reason for Plaintiff to be placed in handcuffs." [ECF No. 13 at 3].

13

We find that the allegations that Avis' alleged wrongful conduct caused the harm to Plaintiff are so remote that as a matter of law, Avis cannot be held legally responsible. The injuries allegedly suffered by Plaintiff would not have been foreseen by an ordinary person as the natural and probable outcome of failure to provide unexpired vehicle registration. Had plaintiff sought recourse for the fine imposed for the failure to register or other similarly foreseeable damages as a result of an unlicensed vehicle, Avis would arguably be held responsible for compensating him for those damages. Yet under these circumstances, it is highly extraordinary that Avis' conduct would bring about the harm alleged. The intervening action of the police officer breaks the chains of causation. Where an injury is so remote from the allegations against a Defendant, such a claim may be dismissed as a matter of law. *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1288 (Pa. Super. 2005). Moreover, we find that the injury sustained is not of such a nature that it is socially and economically desirable to hold Avis responsible. It appears highly extraordinary that Avis' failure to have updated registration could have caused Plaintiff to be handcuffed, placed in a police vehicle, his wrists injured and rotator cuff torn, nor does it appear plausible to constitute a "substantial factor" in bringing about his injuries. The element of causation not being satisfied, Plaintiff has no cause of action in negligence or otherwise.

### D. Additional Bases for Dismissal

As set forth *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly,* 550 U.S. at 563 n.8). Plaintiff's Complaint contains numerous conclusory statements which lack factual specificity to show that the claims are facially plausible. [See ECF No. 1-1 at

¶¶ 32, 33, 35, 39] Plaintiff fails to allege, for example, any facts supporting his claim that Avis made misleading representations or that the any representations were intended to induce him to act, or any specificity as to duty arising under any implied contract.

Finally as to Count III, plaintiff has not addressed Avis' argument that his breach of implied contract claim cannot be supported where there is an alleged express written agreement on the same subject matter. Thus abandoned, Count III is dismissed on that basis as well.

### E. Futility of Amendment

Based on the foregoing analysis and the applicable case law, the Court will not grant leave for plaintiff to amend his complaint because any such amendments would be futile.


## IV. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss will be granted and the case dismissed. An appropriate order will be entered.


Date: April 12th, 2016                        /s/  *Robert C. Mitchell*
                                              Robert C. Mitchell
                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. 15-1459 |
| | ) | |
| AVIS BUDGET CAR RENTAL, LLC | ) | |
| t/d/b/a AVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, to-wit, this 12th day of April, 2016, it is hereby ORDERED, ADJUDGED and DECREED THAT the Motion to Dismiss on behalf of Defendant, Avis Budget Car Rental, LLC, t/d/b/a Avis ("Avis")[ECF No. 3] be and the same hereby is GRANTED and all Counts in the Complaint are DISMISSED WITH PREJUDICE.


Date: April 12th, 2016                         /s/  *Robert C. Mitchell*
                                               Robert C. Mitchell
                                               United States Magistrate Judge


cc: Record counsel